AO 91 (Rev.5/85) Criminal Complaint

AUSA Jared Hasten (312) 353-5354

**MAGISTRATE JUDGE MCSHAIN**

**FILED**
7/8/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JOSE GUADALUPE RUIZ-GONZALEZ<br>also known as "Alberto L. Rosario" | **CRIMINAL COMPLAINT**<br><br>CASE NUMBER: 21-cr-00420 |

    I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about April 7, 2020, at Waukegan, Illinois, in the Northern District of Illinois, Eastern Division, JOSE GUADALUPE RUIZ-GONZALEZ also known as "Alberto L. Rosario," defendant herein,

> being an alien who previously had been deported and removed from the United States on or about July 15, 2006 was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States;

in violation of Title 8, United States Code, Sections 1326(a), (b)(2), and Title 6, United States Code, Section 202(4). I further state that I am a Deportation Officer with the Bureau of Immigration and Customs Enforcement and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

*Renee Fals /by HKM*
RENEE FALS
Deportation Officer, U.S. Immigration and Customs Enforcement

Pursuant to Fed. R. Crim. P. 4.1, this complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: July 8, 2021

*Heather K. McShain*
*Judge's signature*

City and state: Chicago, Illinois

HEATHER K. MCSHAIN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

AFFIDAVIT

I, RENEE FALS, being duly sworn, state as follows:

1. I am a Deportation Officer with the United States Bureau of Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), and have been so employed for 14 years. I am a member of an investigative unit within ICE that specializes in the apprehension of criminal aliens. I work in conjunction with other law enforcement agencies in reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that JOSE GUADALUPE RUIZ-GONZALEZ has violated 8 U.S.C. § 1326(a), Reentry of Removed Alien, by being present and found in the United States after having been deported, and is subject to the enhanced penalty provision set forth in 8 U.S.C. § 1326(b)(2) because defendant previously was deported following conviction for an aggravated felony. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging defendant with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to

2

establish probable cause to believe that defendant committed the offense stated in the complaint.

3. This affidavit is based on: 1) my personal knowledge; 2) information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit; and 3) my review of records maintained by ICE, other components of the Department of Homeland Security ("DHS"), and other government agencies.

4. As detailed below, RUIZ-GONZALEZ is a native and citizen of Mexico who has previously been removed twice after being convicted of felony offenses. Namely, on or about May 26, 2006, RUIZ-GONZALEZ was convicted in the Circuit Court of Lake County, Illinois with aggravated criminal sexual abuse and sentenced to three years' imprisonment. Following this term of imprisonment, on or about July 15, 2006, RUIZ-GONZALEZ was removed from the United States to Mexico. Following this July 15, 2006 removal, RUIZ-GONZALEZ entered the United States unlawfully, and on or about June 14, 2007, RUIZ-GONZALEZ pled guilty to illegal reentry in the U.S. District Court for the Southern District of Texas and, on or about November 7, 2007, RUIZ-GONZALEZ was sentenced to 37 months' imprisonment. Following this term of imprisonment, on or about October 27, 2009, RUIZ-GONZALEZ was removed from the United States to Mexico. At some point after this October 27, 2009 removal, RUIZ-GONZALEZ unlawfully reentered the United States unlawfully. On or about April 7, 2020, RUIZ-GONZALEZ was convicted of aggravated battery and sentenced to 413 days' imprisonment. After being notified of

RUIZ-GONZALEZ's arrest for aggravated battery, federal investigators placed an immigration detainer on RUIZ-GONZALEZ.

### RUIZ-GONZALEZ's Background

5. According to DHS records, RUIZ-GONZALEZ is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that RUIZ-GONZALEZ was born in Mexico in 1983 and originally entered the United States in 1993 without inspection or admission by United States immigration authorities.

### RUIZ-GONZALEZ'S Aggravated Criminal Sexual Abuse Conviction and Subsequent Removal from the United States

6. According to records maintained by the Lake County Circuit Court in Waukegan, Illinois, on or about May 26, 2006, RUIZ-GONZALEZ was convicted of aggravated criminal sexual abuse of a victim between 13 and 16 years of age, in violation of 720 ILCS 5/12-16[1], and sentenced to three years' imprisonment.

7. According to DHS records, on or about July 7, 2006, RUIZ-GONZALEZ was ordered removed from the United States by an Immigration official in Chicago, Illinois, and on or about July 15, 2006, RUIZ-GONZALEZ was removed from the United States to Mexico at or near Brownsville, Texas.

---

[1] This portion of the Illinois Criminal Code has since been recodified at 720 ILCS 5/11-1.60.

### RUIZ-GONZALEZ'S Illegal Reentry
### Conviction in the Southern District of Texas and
### Subsequent Removal from the United States

8. According to DHS records, RUIZ-GONZALEZ illegally reentered the United States sometime after his July 15, 2006 removal.

9. On or about November 5, 2006, RUIZ-GONZALEZ was charged by criminal complaint in the United States District Court for the Southern District of Texas with illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). *See United States v. Jose Guadalupe Ruiz Gonzalez*, No. 5:06-MJ-1803 (S.D. Tex.).

10. According to the criminal complaint, RUIZ-GONZALEZ "applied for admission into the United States by claiming to be a United States citizen by virtue of birth in Puerto Rico." Further, according to the criminal complaint, the defendant presented a false identification card in the name of Alberto Rosario when attempting to apply for admission into the United States.

11. On or about June 14, 2007, RUIZ-GONZALEZ pled guilty to illegal reentry in the matter of *United States v. Jose Guadalupe Ruiz Gonzalez*, No. No. 5:06-CR-1596, which was pending in the U.S. District Court for the Southern District of Texas. On or about November 6, 2007, RUIZ-GONZALEZ was sentenced to 37 months' imprisonment.

12. According to DHS records, on or about October 27, 2009, RUIZ-GONZALEZ was removed from the United States to Mexico at or near El Paso, Texas.

### The Defendant's Aggravated Battery Conviction After Illegally Reentering the United States for a Second Time Following a Felony Conviction

13. According to DHS records, RUIZ-GONZALEZ illegally reentered the United States after his October 27, 2009 removal.

14. On or about February 21, 2019, federal investigators learned that RUIZ-GONZALEZ had re-entered the United States unlawfully and submitted an immigration detainer for RUIZ-GONZALEZ after being notified that RUIZ-GONZALEZ was in the custody of the Waukegan, Illinois Police Department following an arrest for domestic battery.

15. On or about April 7, 2020, RUIZ-GONZALEZ was convicted in the Circuit Court of Lake County, Illinois, of aggravated battery of a person over 60 years of age, in violation of 720 ILCS 5/12-3.05. RUIZ-GONZALEZ was sentenced to 413 days' imprisonment.

16. Based on my review of DHS records, RUIZ-GONZALEZ has not applied for or obtained permission to reenter the United States at any time after his removal by immigration officials on or about July 15, 2006 and October 27, 2009, or on any other occasion after he was removed from the United States.

### Identification of RUIZ-GONZALEZ

17. On or about July 1, 2021, after being notified that RUIZ-GONZALEZ had fully served the sentence imposed as a result of his April 7, 2020 aggravated battery conviction, ICE officers located and arrested RUIZ-GONZALEZ in Waukegan, Illinois. As described below, records obtained during this investigation

reveal that the RUIZ-GONZALEZ who was arrested on July 1, 2021 is the same person who was previously convicted of the offenses described above and of being twice removed by immigration officials.

18. In particular, on or about July 7, 2021, law enforcement officers conducted a fingerprint comparison to verify that RUIZ-GONZALEZ was the same person who had previously been removed from the United States. Law enforcement concluded that fingerprints taken from RUIZ-GONZALEZ on or about July 1, 2021, after he was taken into ICE custody, matched the fingerprints of the person who was previously removed from the United States to Mexico on or about July 15, 2006, namely RUIZ-GONZALEZ.[2]

19. The FBI identification number is the same for RUIZ-GONZELEZ's May 26, 2006 conviction for aggravated criminal sexual, June 14, 2007 conviction for illegal reentry, and April 7, 2020 conviction for aggravated battery. Based on my training and experience, I know that a unique FBI number is assigned to an individual whose fingerprints and/or criminal arrest records have been submitted to the FBI's fingerprint database system. Further, given this information, the information detailed above, and based on my training and experience, I believe that the RUIZ-GONZALEZ who was convicted of aggravated battery on April 7, 2020 is the same person who was previously convicted of aggravated criminal sexual abuse

---

[2] The fingerprint associated with RUIZ-GONZALEZ's October 27, 2009 removal was too poor of a quality to ascertain a result for a fingerprint comparison.

on May 26, 2006, and illegal reentry on June 14, 2007, given that the FBI number is the same for all three convictions.

20. Further, I have compared the photographs of RUIZ-GONZALEZ taken by ICE during his previous deportations on or about July 15, 2006, and October 27, 2009, to a photograph taken in connection with his arrest on July 1, 2021. Those photographs appear to be of the same person.

## Conclusion

21. Based on the foregoing information, there is probable cause to believe that RUIZ-GONZALEZ, being an alien who previously had been removed from the United States on or about July 15, 2006, was present and found in the United States on or about April 7, 2020 without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication for admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2), and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

*Renee Fals /by HKM*

RENEE FALS
Deportation Officer, Bureau of
Immigration and Customs Enforcement

SUBSCRIBED AND SWORN to before me by telephone on July 8th, 2021.

*Heather K. McShain*

HEATHER K. MCSHAIN
United States Magistrate Judge